**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION** |
| | ) | **FOR RECONSIDERATION** |
| v. | ) | |
| | ) | |
| Crescentia Claire Cummins, | ) | Case No.: 1:23-cr-00219 |
| | ) | |
| Defendant. | ) | |

On February 12, 2026, a petition was filed as to Defendant, and an arrest warrant was issued. (Doc. Nos. 55, 56). Defendant appeared for an initial appearance on revocation proceedings on April 10, 2026, and was ordered detained pending a preliminary and detention hearing scheduled for April 15, 2026. (Doc. Nos. 58, 62). The court convened for a detention and preliminary hearing on April 15, 2026, and at the conclusion of the hearing, Defendant was ordered detained pending a final hearing on the petition. (Doc. Nos. 64, 65).

On May 4, 2026, Defendant filed a *Motion for Reconsideration*. (Doc. No. 67). Therein, Defendant advised that she has secured a bed space at Centre, Inc. in Mandan, North Dakota, with space available beginning May 8, 2026. She further advised that she can be transported from the detention facility to Centre, Inc. by Lynn Price on May 8, 2026.

There being no objection from the United States, the court **GRANTS** Defendant's motion. (Doc No. 67). Defendant shall be released no earlier than 12:00 PM on May 8, 2026, to Lynn Price for immediate transport to Centre, Inc. in Mandan, North Dakota. Defendant shall be subject to all previously imposed conditions of supervised release, plus the following additional conditions.

1) Defendant shall reside at Centre, Inc. and shall participate in the center's programs and abide by its rules and regulations.

2) Defendant must sign all release forms to allow the supervising officer to obtain information from Centre, Inc. OR to communicate with Centre, Inc. staff about Defendant's progress in the program.

Any passes allowed by Centre, Inc. must be approved by the supervising officer.

If for any reason Defendant is terminated from Centre, Inc., Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the supervising officer of Defendant's anticipated completion date so the Court may schedule a hearing to review Defendant's release status.

If Defendant successfully completes the treatment program, the supervising officer may approve Defendant's transition to an appropriate sober living home.

Defendant must sign all release forms to allow the supervising officer to obtain information from the sober living home OR to communicate with the sober living home about Defendant's progress there.

Any overnight passes from the sober living home must be approved by the supervising officer.

While residing at the sober living home, Defendant must seek and maintain employment. Employment must be approved by the supervising officer.

If for any reason Defendant is terminate from the sober living home, Defendant must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated transition from a sober living home to another residence, Defendant must advise the Pretrial Services Officer of the anticipated transition date so that the Court can review the Defendant's release status.

3) Defendant shall comply with all of the terms of the Defendant's tribal, state, or federal probation parole, or supervised release.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
